(Superior Court of Cincinnati—Special Term.)

## EDWARD M. SPANGENBERG ET AL. v. PHILIP GUINEY.

That part of Section 3140, Revised Statutes, which declares that on the decease of the person adopting a child and the subsequent decease of such adopted child without issue, the property of such adopting parent shall descend to his or her next of kin, and not to the next of kin of such adopted child, is intended to declare the course the property shall take in case the adopted child dies intestate and owning the property at the time of his or her death, and has no application to such property as the adopted child, prior to his or her death, may have conveyed away.

As the facts in the following case do not present the question as to the rights of the husband or wife of the adopting parent or the adopted child in property descending to the adopted child, no opinion is expressed upon such question.

(Decided May, 1895.)

---

Motion to take from jury.

SMITH, J.

This is an action to recover valuable real estate situated on Congress street, west of Butler street, in this city.

The evidence introduced by the plaintiff discloses the following facts: In 1863, Leonard Correvant, a married man without children, became the owner by purchase of the above property. In 1865, by proceedings under the statute, he and his wife appeared in the Hamilton County Probate Court and legally adopted as their child John Fuss, whose name was thereupon changed to Leonard Correvant. In 1882, said adopting parent died intestate owning said real estate, and subsequently said adopted Leonard Correvant and his wife, by deed in fee-simple for a valuable consideration, sold said property to Philip Guiney, the defendant. Said adopted child has since died intestate and without issue. The wife of the adopting father is dead.

This action is brought by the brothers and the sisters of the adopting parents, together with E. M. Spangenberg, who, by deed from them, claims to be part owner of the same.

At the conclusion of the plaintiffs' testimony, the defendant filed a motion to arrest the case from the jury and direct a verdict for the defendant, upon the ground that the plaintiffs' have entirely failed to establish any right to maintain the action.

The right to maintain the action depends upon the construction of that part of the sec. 3140 of the Revised Statutes of Ohio relating to the descent of property inherited by an adopted child from an adopting parent.

The section referred to, as amended May 4, 1891, reads as follows:

"Section 3140. The natural parents, except when such child is adopted under the provisions of section 3137 (which supplementary section refers to the adoption of a child by its stepfather, and is therefore not applicable to this case) shall by such order be divested of all legal rights and obligations in respect to the child, and the child be free from all legal obligations of obedience and maintenance in respect to them. Such child shall be to all intents and purposes, the child and legal heir of the person so adopting him or her, entitled to the rights and privileges, and subject to all the obligations of a child of such person begotten in lawful wedlock; but on the decease of such person and the subsequent decease of such adopted child without issue, the property of such adopting parent shall descend to his or her next of kin, and not to the next of kin of such adopted child."

The contention of the plaintiffs is that the legislature intended by the latter part of this section to vest a fee-simple estate in the adopted child in the event only that he died with issue; but if he died without issue he had merely a life estate; that in this case, as the adopted child died without issue, his deed in fee-simple to the defendant failed to convey more than a life estate, which terminated at his death, at which time the property by virtue of the statute descended to the brothers and sisters of the adopting parent.

The contention of the defendant, however, is that upon the death of the adopting parent the fee-simple vests absolutely in the adopted child, the same as in the case of a natural child, and that the sole purpose of the statute is to provide a law of descent in case the adopted child dies owning the property, but intestate and without issue.

In view of the following considerations, I am satisfied that the contention of the plaintiff is erroneous, and that of the defendant is sound.

(1.) The construction of the statute for which the plaintiffs contend

is one that would necessarily tie up the estate during the life of the adopted child, because such child would never know whether he would die without issue or not; he would never know therefore, with certainty, whether he had a life estate or a fee-simple in the property.    The uncertainty as to the title would, of course, affect seriously the saleability of the property, because neither the adopted child or a contemplating purchaser would know the nature and extent of the former ownership; and it would affect the usefulness of the property, for the reason that no owner would care to permanently improve property when it was doubtful whether he owned a life estate or the fee.

And, while it is true that these objections always exist in cases where fee-simple estates are created, with a possibility of their being terminated by certain contingencies and vesting in other persons, yet it is the policy of the law to discourage those constructions of wills, deeds or statutes, the result of which is to tie up estates, and to adopt such constructions only where the language clearly demands it.    Bierce v. Bierce, 41 Ohio St. 256.

(2.)    The language itself of the statute necessarily implies that the adopted child has inherited a fee-simple, and contains no suggestion to my mind, that it ever contemplates a mere life estate in such child.

Thus the statute assumes as a matter of course, that but for the statute (latter part of sec. 3140) the property, upon the death of the adopted child without issue, would go to his next kin, a result which would only follow in case he inherited a fee-simple; and the intention of the statute is not to change the character of the estate which the adopted child has inherited, but simply to provide that, in such event, viz., dying without issue, the property shall descend to the next of kin of the adopting parent.

(3.)    If the intention of the statute is that, under all circumstances, the property of the adopting parent, in the event of the adopting child dying without issue, shall go to the next of kin of the adopting parent, it can only be for the reason that such issue is a favorite of the statute.   The statute, therefore, would not be consistent, and would fail in its purpose if it did not also provide that in case such child died with issue, the property should pass to such issue.    But the statute clearly does not either declare or imply that such shall be the course the property must take where issue is living at the death of such child, for, so far as I can see, such child is permitted by will to devise it as in other cases, and, in the event of his having conveyed it prior to his death, such conveyance is necessarily valid. It, therefore, seems to me, that the legislature did not have in mind, in the enacting of this statute, any such policy as the contention of plaintiffs' attempt to discover in it.

(4.)    The fallacy in the plaintiffs' contention arises from a misinterpretation of the words "shall descend to."    It gives them the force of "shall go to," and this without regard to whether the adopted child owns the property at his death or dies testate or intestate.    But the word "descend" has a well defined meaning in the law, as the following definition of the word "descent" will show:

"Descent is what takes place when land, or some interest in land or other realty belonging to a person, passes on his death intestate to some one related to him.    Descent is opposed to what takes place when land, on the death of a person, passes to some one else by virtue of a gift or limitation to him as persona designata".    Rapalje & Lawrence's Law Dictionary.

Again: "Descent is frequently used to distinguish the vesting of title in any one by mere operation of law from purchase, which may be either devise or grant.    In the former case the person is said to take by descent

or as heir, while a grantee or devisee is said to take by purchase or as a purchaser." Abbott's Law Dictionary.

The above definitions of the word descent clearly establish that when the statute declares that in case the adopted child dies·without issue, the property shall descend not to his next of kin, but to that of the adopting parent, it means that in case the adopted child dies intestate, it shall so descend, for otherwise it would pass by devise, and could not descend. And, furthermore, it means that in case he is the owner of the property at the time of his death, it shall so descend, because no property can descend except that which the intestate owns at the time of his death. In other words, this statute is merely a branch of the general statutes governing descents, all of which imply, of course, that the deceased dies intestate, and that he owns the property at the time of his death.

In this case, as the adopted child in his life-time had deeded in fee-simple all interest in this property to the defendant, the defendant is entitled to the same, and the statute has no application to this case.

As the wife of the adopting ·parent is dead, and therefore not a party to this proceeding, it is unnecessary for me to determine whether, if alive, she would have any interest in the property or not; and as the wife of the adopted child joined in the deed to the defendant, the question as to her right in such property is not presented.

The motion to arrest from the jury and to direct a verdict for the defendant will be granted.

John J. Gasser and Fred Closs, Jr., for the plaintiffs.

John C. Healy and F. J. McCabe, for the defendant.